UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIMBERLY SWAN,

    Plaintiff,

v().

    7:14-CV-0773
    (GTS/ESH)

COMM'R OF SOC. SEC.,

    Defendant.
_____

APPEARANCES:    OF COUNSEL:

CONBOY, McKAY, BACKMAN    LAWRENCE HASSELER, ESQ.
& KENDALL, LLP
 Counsel for Plaintiff
407 Sherman St.
Watertown, New York 13601

SOCIAL SECURITY ADMINISTRATION    EMILY FISHMAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL-REGION II
 Counsel for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

  Currently before the Court, in this action filed by Kimberly Swan ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking disability benefits, are (1) the Report-Recommendation of the United States Magistrate Judge, issued pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 72.3(c) of the Local Rules of Practice for this Court, recommending that the Commissioner's decision be reversed and Plaintiff's request to remand the ALJ's unfavorable decision be granted, (2) Defendant's objection

to the Report-Recommendation, and (3) Plaintiff's response to Defendant's objection. (Dkt. Nos. 19, 20, 21.)

## I. DEFENDANT'S OBJECTIONS

Defendant makes one argument in her objection. Defendant argues that the Magistrate Judge erred in his determination that the ALJ's failure to cite to specific evidence equated to a failure to take evidence into consideration. (Dkt. No. 20 at 2.)

## II. PLAINTIFF'S RESPONSE TO PLAINTIFF'S OBJECTIONS

Plaintiff makes one argument in her response. Essentially, Plaintiff argues that the Magistrate Judge's recommendation was proper. (Dkt. No. 21 at 2.)

## III. APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's Report-Recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Parties may raise objections to the magistrate judge's Report-Recommendation, but they must be "specific written" objections, and must be submitted "[w]ithin 14 days after being served with a copy of the recommendations disposition." Fed.R.Civ.P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report-Recommendation only for clear error." *Caldwell v. Crosset,* 2010 WL 2346330 at * 1 (N.D.N.Y. 2010) (internal quotations omitted) (*citing Farid v. Bouey,* 554 F.Supp.2d 301, 307 (N.D.N.Y. 2008)). A judge of the court shall make a de novo determination of those portions of the [Report-Recommendation] to which objection is made. 28 U.S.C. § 636(b)(1)(C).

## IV. ANALYSIS

After carefully considering the matter, the Court reverses the recommendation that this matter be remanded for a re-evaluation of step three, in part for the reasons stated in Defendant's Objection. (Dkt. No. 20.) The Court adds the following analysis.

### i.) The ALJ's Step Three Decision.

At step three of the sequential process, the ALJ must determine whether the plaintiff's impairments or combination of impairments is of a severity to meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

Here, the ALJ held that Plaintiff's severe impairment of cervical degenerative disc disease ("DDD") did not meet or equal Listing 1.04: Disorders of the Spine, specifically he held Plaintiff did not meet the requirements of Listing 1.04A. (T. 566.) For the purposes of this case, in order for the Plaintiff's cervical DDD to meet the requirements of Listing 1.04A, she would have to show she had cervical DDD which resulted in the compromise of a nerve root or spinal cord with: 1) evidence of nerve root compression characterized by neuro-anatomic distribution of pain, 2) limitation of motion, and 3) motor loss (atrophy with associated muscle weakness or muscle weakness) with sensory or reflex loss. 20 C.F.R. Part 404, Subpart P, Appendix 1.[1] The ALJ concluded Plaintiff did not meet the Listing, because there was "no evidence of nerve root compression with sensory and reflex loss." (T. 566.) In support of his step three

---

[1] Listing 1.04A also requires positive straight leg raising tests if the lumbar spine is involved, as the lumber spine is not in question here, results of straight leg raising tests are of no consequence to the outcome.

determination, the ALJ cites to this Court's previous decision concluding that the ALJ's step three determination was supported by substantial evidence. (T. 566.)[2]

The Magistrate Judge recommends remand, reasoning the ALJ's step three discussion "omi[tted]" new evidence and that the ALJ's "specific citation to the court's earlier decision compel[s] a logical inference that [the ALJ] considered the Step 3 issue to have been finally adjudicated in the original judicial review action so that further consideration by him was foreclosed." (Dkt. No. 19 at 14.) Although the ALJ's step three determination cited this Court's previous decision and did not cite to specific objective medical findings to support his determination, this Court does not agree with the Magistrate Judge's conclusion that this infers the ALJ considered any additional inquiry into step three as "foreclosed."

To be sure, an ALJ "should set forth a sufficient rationale in support of his decision to find or not to find a listed impairment;" however, the absence of an express rationale for an ALJ's step three conclusion does not prevent a court from upholding it so long as the Court is "able to look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence." *Berry v. Schweiker,* 675 F.2d 464, 469 (2d Cir. 1982). Here, the ALJ's detailed decision demonstrated that the ALJ took new evidence into consideration and further, based on the ALJ's decision it can be determined that substantial evidence supported his step three determination. This is not a case "in which we would be unable

---

[2] In an earlier review, this Court found that the ALJ's step three determination was supported by substantial evidence. Specifically, this Court found it unnecessary to address the issue of whether or not crowding of the thecal sac demonstrated a compromise of the nerve root, because there was sufficient evidence in the record to support the conclusion that even if there was a compromise of the nerve root, the other requirement of Listing 1.04A were not met. The case was remanded on other grounds. *Swan v. Comm'r of Soc. Sec.,* No. 7:10-CV-1334, 2012 WL 4033720 (N.D.N.Y. Sept. 12, 2012).

4

to fathom the ALJ's rationale in relation to evidence in the record," *Berry,* 675 F.2d at 469, *see Mongeur v. Heckler,* 722 F.2d 1033, 1040 (2d Cir.1983) (noting that when "the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability"), *see Salmini v. Comm'r Soc. Sec.,* 371 Fed.App'x. 109, 112-13 (2d Cir. 2010) (holding that "although the ALJ might have been more specific in detailing the reasons for concluding that plaintiff's condition did not satisfy a listed impairment, other portions of the ALJ's detailed decision, along with plaintiff's own testimony, demonstrate that substantial evidence supports this part of the ALJ's determination.").

This Court agrees with the Commissioner that a reading of the ALJ's decision in its entirety shows that the ALJ considered all the evidence in the record. (Dkt. No. 20 at 2.) First, in his step two analysis the ALJ specifically cited to new objective medical evidence in the record pertaining to Plaintiff's cervical spine. The ALJ summarized the notation of John J. Wasenko, M.D. in which he reviewed an MRI of Plaintiff's cervical spine conducted in 2011. (T. 564.) Dr. Wasenko concluded that the MRI showed no significant progression since an MRI from 2008 and specifically stated that there was no evidence of spinal cord compression. (*Id.*, *referring to* T. 1042.) The ALJ also discussed new medical evidence submitted by consultative examiner George Sirontenko, D.O. which stated Plaintiff had moderate range of motion limitations in her cervical spine. (*Id., referring to* T. 1133.) Therefore, since the ALJ's step three analysis inherently takes from and builds on his step two analysis, it is more than reasonable to conclude that the

5

ALJ properly considered new evidence pertaining to Plaintiff's cervical spine not only at step two, but also at step three.

Second, the ALJ referred to and discussed new evidence elsewhere in his decision thus allowing this Court to "glean" his rational. For example, in addition to Dr. Sirotenko's opinion, the ALJ discussed David O. Van Eenenaam, M.D.'s 2010 assessment. (T. 563, 569, *referring to* T. 1030-31.) The ALJ also discussed new evidence from Kathy Der, FNP-BC and Sury Putcha, M.D. (T. 568.) Therefore, contrary to the Magistrate Judge's conclusion, this Court was able to look elsewhere in the decision and determine that the ALJ properly considered all the medical evidence, including new evidence, in the record. *See Salmini*, 371 F.App'x at 112-23.

Further, a reading of the decision shows that substantial evidence supports the ALJ's step three conclusion. As previously held by this Court, "[e]ven if [the ALJ] concluded that crowding of the thecal sac is a compromise of the nerve root, there was sufficient evidence in the record for [the ALJ] to conclude that Plaintiff's impairments lacked the required elements that must accompany the compromise pursuant to the regulations." *Swan*, 2012 WL 4033720, at *4 (N.D.N.Y. Sept. 12, 2012). Once again, this Court need not, and will not, determine whether crowding of the thecal sac constitutes a compromise of the nerve root, because there was substantial evidence to support the ALJ's conclusion that Plaintiff otherwise would not have met the additional requirements of Listing 1.04A.

Even with the addition of new evidence, the ALJ's step three determination was still supported by substantial evidence. Specifically, in his step three analysis, the ALJ determined that Plaintiff did not have sensory and reflex loss. (T. 566.) This conclusion

was supported by the objective findings of Kaylani Ganesh, M.D., Charles Moehs, M.D., Bhupinder Bolla, M.D., Abdul Latif, M.D., Dr. Eenenaam, and Dr. Sirotenko (T. 233, 334, 336-38, 379-80, 1106-07, 1132.) Plaintiff cites to the record to support her allegation that she met the Listing; however, the evidence Plaintiff cites to was primarily a review of Plaintiff's subjective complaints of symptoms, not objective medical findings and observations. (Dkt. No. 16 at 13 [Pl.'s Mem. of Law].) Further, despite any evidence that Plaintiff may have met the Listing, there was substantial evidence that she did not. "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982). The ALJ's step three determination is therefore upheld, because the ALJ's rational was apparent from a reading of the decision and it was supported by substantial evidence.

## ii.) Remaining Points

The Magistrate Judge did not address Plaintiff's remaining points of error finding that it would be frivolous to do so without first determining whether Plaintiff met the criteria of Listing 1.04A. (Dkt. No. 19 at 18.) In the interest of time, this Court conducted a review of Plaintiff's remaining points of error.

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the

7

Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson,* 402 U.S. at 401. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford,* 685 F.2d at 62.

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner],

even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law. (T. 559-573.) First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 2, 2008. (T. 562.) Second, the ALJ found that Plaintiff had the severe impairments of alcohol abuse in remission, DDD of the cervical and lumbar spine, degenerative joint disease of bilateral knees, degenerative joint disease of bilateral shoulders, and mild median neuropathy of the right wrist. (T. 562.) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 565-66.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform: "light work . . . [Plaintiff was] able to occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. In addition, the [Plaintiff could] do no repetitive (more than occasional) arm motions involving overhead reaching and the [Plaintiff] should avoid working at unprotected heights and climbing ropes, scaffolding, and ladders." (T. 566.)[3] Fifth, the ALJ determined that Plaintiff had no past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform. (T. 571-72.)

        **a.)**        **Whether the ALJ Applied the Proper Standards For Evaluating the Medical Opinion of Rebecca Tan-Alberto, M .D.**

---

[3] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.567(b).

After carefully considering the matter, the Court answers this question in the affirmative, for the reasons stated in Defendant's memorandum of law. (Dkt. No. 17 at 8-20 [Def.'s Mem. of Law].) The Court adds the following analysis.

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2).

The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. § 416.927(c)(2). The ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.*, *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)). In addition, where an ALJ's reasoning and adherence to the Regulations is clear, he is not required to explicitly go through each and every factor of the Regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no such slavish recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear").

Plaintiff grossly misstates the ALJ's analysis of Dr. Tan-Alberto's opinion. Plaintiff alleges the ALJ provided Dr. Tan-Alberto's opinion "no weight" and failed to apply the Regulatory factors outlined above. (Dkt. No. 16 at 18 [Pl.'s Mem. of Law].) First, the ALJ afforded Dr. Tan-Alberto's opinion "very little weight," not "no weight" as Plaintiff claims. (T. 569.) Second, the ALJ properly applied the Regulatory factors under 20 C.F.R. § 416.927. At the onset, the ALJ's decision stated that he took the factors into consideration when evaluating the medical evidence. (T. 566.) The ALJ also specifically stated in his decision that this Court directed him to assess Dr. Tan-Alberto's opinion in accordance with the Regulations. (T. 571.) The ALJ provided more than just substantive adherence to the Regulations and this Court's pervious decision, the ALJ's analysis provided sufficient application of the Regulations. The ALJ's analysis of Dr. Tan-Alberto's opinion provided examples of the opinion's inconsistencies with the record as a whole (such as Plaintiff's activities of daily living and other objective evidence), internal inconsistencies between Dr. Tan-Alberto's functional limitations and her observations, and inconsistencies between Dr. Tan-Alberto's functional limitations and her clinical findings. (T. 569.) Therefore, contrary to Plaintiff's assertion, the ALJ afforded Dr. Tan-Alberto's opinion appropriate weight based on proper application of the factors outlined in the Regulations.

Plaintiff makes a separate argument that the ALJ's RFC failed to account for all of her limitations, primarily based on the limitations asserted by Dr. Tan-Alberto. (Dkt. No. 16 at 19-21 [Pl.'s Mem. of Law].) As this Court concludes that the ALJ properly afforded Dr. Tan-Alberto's assessment of Plaintiff's limitations "little weight," the ALJ therefore did not err in failing to provide for the degree of Dr. Tan-Alberto's specific

limitations in his RFC determination. For the reasons stated herein, and the reasons outlined in Defendant's brief, we concluded that the ALJ did not err in failing to provide for additional limitations in his RFC determination. (Dkt. No. 17 at 20-21 [Def.'s Mem. of Law].)

### b.) Whether the ALJ Properly Assessed Plaintiff's Credibility.

After carefully considering the matter, the Court answers this question in the affirmative, for the reasons stated in Defendant's memorandum of law. (Dkt. No. 17 at 21-24 [Def.'s Mem. of Law].) The Court adds the following analysis.

A plaintiff's allegations of pain and functional limitations are "entitled to great weight where ... it is supported by objective medical evidence." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (*quoting Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 (2d Cir.1992)). However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citing *Marcus v. Califano,* 615 F.2d 23, 27 (2d Cir.1979)). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

"The ALJ's credibility assessment must be based on a two step analysis of pertinent evidence in the record. First, the ALJ must determine whether the claimant has medically determinable impairments, which could reasonably be expected to produce the pain or other symptoms alleged." *Id.*, at 271.

> Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and

> limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work. Because an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, an ALJ will consider the following factors in assessing a claimant's credibility: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.

*Id.* Further, "[i]t is the role of the Commissioner, not the reviewing court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses," including with respect to the severity of a claimant's symptoms." *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (*citing Carroll v. Sec'y of Health & Human Servs.,* 705 F.2d 638, 642 (2d Cir.1983)).

The ALJ determined that Plaintiff's impairments could "reasonably be expected to cause the alleged symptoms, however, the [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not fully credible." (T. 567.) Plaintiff contends that the ALJ failed to "engage in the seven-pronged analysis" and instead "ignored" them. (Dkt. No. 16 at 23 [Pl.'s Mem. of Law].) Once again, Plaintiff grossly misstates the ALJ's decision. In his credibility analysis, the ALJ discussed Plaintiff's medication and treatment used to alleviate pain (prongs 4 and 5). (T. 567.) The ALJ discussed clinical findings and Plaintiff's activities of daily living (prong 1). (*Id.*) The ALJ took into consideration Plaintiff's poor work history as well, which was proper under 20 C.F.R. § 416.929(a). A simple reading of the decision makes it clear that the ALJ followed the "seven prongs" outlined above. The Plaintiff's argument that the ALJ

"ignored" these factors, and therefore remand is required, is simply misplaced. Even if the ALJ had not specifically outlined the Regulations, he is not required to explicitly go through each and every factor of the Regulation, as long as his reasoning and adherence to the Regulations is clear. *See Atwater,* 512 F. App'x at 70. The ALJ conducted a proper credibility assessment, which applied the proper legal standard and which was supported by substantial evidence in the record, and therefore remand is not required.

### c.) Whether the ALJ's Step Five Conclusion Was Supported by Substantial Evidence.

After carefully considering the matter, the Court answers this question in the affirmative, for the reasons stated in Defendant's memorandum of law. (Dkt. No. 17 at 24 [Def.'s Mem. of Law].) The Court adds the following analysis.

At step five of the sequential process, the ALJ determined that Plaintiff did not have any past relevant work; however, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that she could perform. (T. 571-72.)

Plaintiff's step five argument builds on his previous argument that the ALJ erred in the weight assigned to Dr. Tan-Alberto's opinion. Plaintiff argues that had the ALJ assigned proper weight to the opinion, Plaintiff would be found disabled because a vocational expert ("VE") testified that based on the limitations imposed by Dr. Tan-Alberto there would be no jobs in the national economy Plaintiff could perform. (Dkt. No. 16 at 24 [Pl.'s Mem. of Law].) Plaintiff also argues that the ALJ erred in relying on the Medical-Vocational Guidelines (commonly known as "the Grids") in making his step five determination. (*Id.*)

As discussed in Part IV.ii.a, the ALJ complied with the Regulation and properly afforded the opinion of Dr. Tan-Alberto little weight; therefore, the ALJ did not err by failing rely on VE testimony based on Dr. Tan-Alberto's prescribed limitations.

The Second Circuit has explained that the ALJ may not solely rely on the Grids if a non-exertional limitation "has any more than a 'negligible' impact on a claimant's ability to perform the full range of work." *Selian v. Astrue,* 708 F.3d 409, 421 (2d Cir.2013) (quoting *Zabala v. Astrue,* 595 F.3d 402, 411 (2d Cir.2010)). A non-exertional impairment is non-negligible "when it ... so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." *Zabala,* 595 F.3d at 411. Whether VE testimony is required must be determined on a "case-by-case basis." *Bapp v. Bowen,* 802 F.2d 601, 605–06 (2d Cir. 1986). Further, "the mere existence of a non-exertional impairment does not automatically require the production of a vocational expert nor preclude reliance on the [Grids]." *Bapp*, 802 F.2d at 603.

Here, the ALJ determined that Plaintiff's non-exertional impairments did not significantly impact her ability to perform light work, specifically relying on the guidance of SSR 85-15. (T. 572.)[4] The ALJ properly relied on SSR 85-15 in his determination that Plaintiff's non-exertional limitations did not significantly limit her ability to perform a light work. For example, SSR 85-15 provides that light work requires only occasional stooping and crouching, with no kneeling or crawling, and requires the use of the arms and hands to grasp, hold, and turn objects. *See* SSR 85-15 (S.S.A. 1985). Therefore, the occupational base of light work was not significantly eroded by occasional postural limitations, because those limitations were already accounted for in the requirements of

---

[4] SSR 85-15: TITLES II AND XVI: CAPABILITY TO DO OTHER WORK — THE MEDICAL-VOCATIONAL RULES AS A FRAMEWORK FOR EVALUATING SOLELY NONEXERTIONAL IMPAIRMENTS.

light work as illustrated in SSR 85-15. For the reasons stated herein, and the reasons stated in Defendant's brief, the ALJ properly relied on the Grids in making his step five determination and properly denied Plaintiff's disability application.

**ACCORDINGLY**, it is

**ORDERED** that the Magistrate Judge's Report-Recommendation (Dkt. No. 19) is **REJECTED** in its entirety; and it is further

**ORDERED** the Commissioner's motion for judgment on the pleadings (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that the Commissioner's decision is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 15, 2015
       Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief, U.S. District Judge